# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-3872-cr

**Caption [use short title]**

**Motion for:** permission to file a supplemental brief.

Set forth below precise, complete statement of relief sought:

permission to file a supplemental brief on behalf of appellant Elvin Hill.

**US v. HILL**

**MOVING PARTY:** ELVIN HILL
☐ Plaintiff  ☑ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**OPPOSING PARTY:** UNITED STATES OF AMERICA

**MOVING ATTORNEY:** YUANCHUNG LEE
**OPPOSING ATTORNEY:** DANIEL SILVER, ESQ.
[name of attorney, with firm, address, phone number and e-mail]

Federal Defenders of New York, Inc., Appeals Bureau
52 Duane Street, 10th Floor
New York, New York 10007
(212) 417-8742 edward_zas@fd.org

Assistant United States Attorney, Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
(212) 637-6034

**Court-Judge/Agency appealed from:** MATSUMOTO, J., U.S.D.J./E.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

Is oral argument on motion requested?  ☐ Yes  ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes  ☑ No
Has this relief been previously sought in this Court?  ☐ Yes  ☑ No
Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**
_____  **Date:** 11/10/15  **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED   DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____  By: _____

Form T-1080 (rev. 7-12)

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------X
```

UNITED STATES OF AMERICA : **D E C L A R A T I O N**

   - v - : **Docket No. 14-3872-cr**

**ELVIN HILL,** :

             Appellant. :

```
------------------------------------X
```

    **YUANCHUNG LEE** declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1. I am an attorney with the Federal Defenders of New York, Inc., Appeals Bureau, counsel to appellant Elvin Hill. I make this declaration in support of a motion for leave to file a supplemental brief -- which I am filing herewith -- in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). The Government does not oppose this motion, but requests an opportunity to respond to the arguments raised in the supplemental brief if the Court grants the motion.

    2. Elvin Hill appeals from a final judgment of conviction entered on October 6, 2014, convicting him of violating 18 U.S.C. § 924(j)(1) (killing someone during a violation of § 924(c)(1)) and sentencing him to 43 years of imprisonment.

    3. Mr. Hill filed a brief with this Court on March 20, 2015. The Government filed an appellee's brief on June 18, 2015. Appellant's reply brief was filed on July 1, 2015.

    4. Oral argument is scheduled for this Thursday, November

12, 2015, before a Panel consisting of Judges Jacobs, Livingston, and Droney.

5. On June 26, 2015, the Supreme Court rendered its decision in <u>Johnson</u>, a case involving the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). <u>Johnson</u> ruled that the residual clause of § 924(e)(2)(B)(ii), which defined a "violent felony" as a felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague and therefore void under the Due Process Clause.

6. Mr. Hill's case does not involve § 924(e). Therefore, undersigned counsel did not recognize <u>Johnson</u>'s relevance to this appeal when, five days after <u>Johnson</u> was issued, he submitted the reply brief in this case.

7. Counsel only recently realized that <u>Johnson</u>'s invalidation of the ACCA's residual clause affects Mr. Hill's case. As explained in Point I of the attached supplemental brief, <u>Johnson</u> logically requires the invalidation of the materially indistinguishable "residual clause" of § 924(c)(3)(B), defining a "crime of violence" as a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

8. If § 924(c)(3)(B) is void for vagueness, then Mr. Hill's

2

conviction can stand only if the Hobbs Act robbery (in violation of § 1951(a)) underlying his conviction qualifies as a crime of violence under the other prong of § 924(c)(3), specifically the "force clause" of § 924(c)(3)(A), which defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

9. As argued in Point II of the supplemental brief, Hobbs Act robbery does not qualify, under the required categorical approach, as a crime of violence under the force clause of § 924(c)(3)(A). This is so because Hobbs Act robbery does not necessarily require "violent" "physical force," or the intentional availment of the same.

10. The defendant's commission of a "crime of violence" within the meaning of § 924(c)(3) is an essential element of the offense of conviction. Because this element cannot be satisfied, the supplemental brief argues, this Court should vacate Mr. Hill's conviction and dismiss the indictment.

11. Because of the obvious importance of the <u>Johnson</u>-based argument to Mr. Hill's appeal, I respectfully ask the Court to allow the filing of the supplemental brief. Although <u>Johnson</u> was decided on June 26th, counsel did not grasp the significance of that decision, which concerned a different statute, until several days ago.

3

12. I apologize to the Court for not having recognized the relevance of Johnson to Mr. Hill's appeal sooner.

13. Counsel's error, however, should not fall upon Mr. Hill. He is serving a 43-year prison sentence. He should have all of his potentially meritorious arguments considered by this Court.

14. I therefore respectfully ask the Court to allow the filing of the supplemental brief.

15. The Government, by Assistant United States Attorney Daniel Silver, does not oppose this motion. If the Court grants the motion and accepts appellant's supplemental brief for filing, the Government would like to have an opportunity to respond to the supplemental brief.

**WHEREFORE**, it is respectfully requested that this Court issue an order granting Mr. Hill leave to file the attached supplemental brief, which is being presented for filing herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: New York, New York
November 10, 2015

                                                                      /s/_____
                                                           **YUANCHUNG LEE**

---

## CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Motion and Declaration has been served by CM/ECF electronic filing on the United States Attorney/E.D.N.Y.; Attention: **DANIEL SILVER, ESQ.**, Assistant United States Attorney, 271 Cadman Plaza East, Brooklyn, NY 11201.

Dated:  New York, New York
        November 10, 2015

                             /s/
                         **YUANCHUNG LEE**